The fourth district appellate court of the state of Illinois has now convened. The Honorable James A. Kinect presiding. This is case number 421-0290, Freddie Martinez versus the City of Springfield and the Springfield Police Department. Would counsel for the appellant please introduce yourself. Good morning, your honors. My name is Shelly Geisler and I represent plaintiff appellant Mr. Freddie Martinez. Thank you and for the appellee. Good morning, your honors. My name is Katia McMasters and I represent the defendant appellees, the City of Springfield and the Springfield Police Department. Thank you. Ms. Geisler, you may proceed. Good morning, your honors and may it please the court. This case is about whether a public body can deny a FOIA request, wait for a requester to sue, and then release the information after the initiation of a lawsuit and escape responsibility for attorney's fees under section 11i of FOIA because there is no court order in the requester's favor. And if this is the law, it will make it more difficult for requesters to enforce their the 2010 amendments to FOIA, which were intended to broaden requester's rights under the statute. So for these reasons, the court should adopt the catalyst theory of relief and should hold that a requester is entitled to petition for attorney's fees under section 11i when a public body changes its position and releases records in response to a requester's lawsuit. So just to go over some of the background facts, this case is pretty straightforward. Plaintiff made a, submitted a FOIA request to the defendant. The defendant denied that request and then the plaintiff filed a lawsuit. And eventually after that lawsuit was filed, defendant did produce responsive records. At that point, plaintiff was satisfied with and those issues became moot. However, under this court's holding in Roxanna Community Unit School District number one versus EPA, even if a requester's production claims are moot, his claims for attorney's fees and civil penalties survive. So defendant moved for summary judgment on the moot issues regardless. And during briefing, plaintiff made very clear that he wanted an opportunity to petition for fees under section 11i. The circuit court ruled that there was no violation, even though there was no basis for the circuit court to reach those issues because as stated, there was no controversy and the issues were moot. And then the circuit court dismissed the case in a final order without providing plaintiff an opportunity to petition for fees under section 11i. So... Judge Lerner, may I interrupt you there? And just on that point, the procedural posture of the case, I'm trying to determine what the summary, the order entered by the court actually disposed of and whether or not there was anything that is viable still in the court. I don't see in the record plaintiff's proposed order. Is it in there? I don't know that it is. It was submitted ex parte to the court. Your Honor, I did not handle the case below. So there may be some particulars that I'm not in the best position to answer. But to my recollection, the orders were submitted ex parte. Well, the order that was entered by the court, it does not separately address the issue relating to attorney fees, right? Yes, that is correct, Your Honor. It addressed on the merits, the FOIA requests and defendant's responses and granted summary judgment in a single line saying defendant's motion for summary judgment is granted. I noticed in the briefing below in plaintiff's response and then in defendant's reply to the response that there was an acknowledgment that that issue would need to be addressed, the prayer for attorney's fees in the other FOIA complaint. What can be done at this? What are you asking for specifically in this appeal? Are you asking for reversal of the court's order granting summary judgment, which would then reverse of the entire grant of summary judgment, including its findings relative to defendant's conduct? Or are you simply requesting that we find that the court's order did not address attorney's fees and remand for the trial court to address that unaddressed issue? Yes, Your Honor. I think what would be most appropriate is that the case be remanded so that we may petition for fees before the circuit court. The circuit court, in our view, did err by ruling on those moot issues and we believe that the judgment as to the moot issues should be vacated and then the case should be remanded so that plaintiff has an opportunity to petition for fees. Well, if we disagreed with you in regards to the moot issues, are you still asking that the summary judgment order be reversed? I think that it would be. I think it would be okay for the order to be left in place. Plaintiff needs plaintiff should be able to have an opportunity to petition for fees under section 11I and under the catalyst theory of relief. Plaintiff's lawsuit did bring about a change in position by defendant. Defendant released records after plaintiff's lawsuit was filed and in response to that lawsuit and therefore there should be some relief as to attorney's fees that plaintiff should be able to seek before the trial court. Thank you. Yes, Your Honor. Um, so moving into the catalyst theory and its application to section 11I, um, plaintiff should have had an opportunity to petition for the fees because as I said, his lawsuit did force the public body to release the records. Um, and there are two cases interpreting section 11I of FOIA and they do come out opposite ways. Um, the other side relies on Rock River Times versus Rockford Public School District number 205, which holds that the language of section 11I is unambiguous and that the term prevails means that a FOIA requester is only entitled to attorney's fees if there is court ordered relief. Um, but Rock River Times is inconsistent with FOIA's purpose and with the 2010 amendments and as the first district recognized in Uptown People's Law Center versus Illinois Department of Corrections, it was wrongly decided and this is because the plain text of section 11I alone simply does not answer whether prevails means that there needs to be court ordered relief. Prevails is not defined in the FOIA statute and in the FOIA context, a requester can prevail whether there is a court order or not. A requester files a lawsuit in an attempt to force a public body to release information and if that information is released even without a court order, the plaintiff has prevailed in that respect. So because prevails is ambiguous, we do need to consider the history and the 2010 amendments of FOIA, which did change the law. Prior to 2010, section 11I was discretionary. Awards for attorney's fees were up to the court's discretion and the statute also used the language substantially prevails as opposed to prevails and courts interpreted that that version of the statute to mean that court ordered relief was not necessary in order for a requester to be entitled to pursue attorney's fees and that was held in People x Rel Ulrich versus Stuckel and again in Duncan. And then we fast forward to 2010 and the legislature made sweeping changes to the FOIA statute and one of those changes was that they changed 11I from being discretionary to mandatory. They changed the term may into shall and they also changed substantially prevails to simply prevails and they let the court determine the amount of the fees. So the legislature did change the law. They expanded access to attorney's fees under section 11I by making them mandatory and at the same time, if we look to the legislative history that's the legislature's made very, very clear that they weren't trying to overrule any pre-existing court decisions and that would include Stuckel and its holding that court ordered relief is not a prerequisite to fees. It is undisputed that the 2010 amendments as a whole were intended to broaden requester's rights under the statute and to ensure that public bodies comply with the FOIA statute and release information. And all of this history supports a finding that the legislature did intend to adopt the catalyst theory when with the 2010 amendments and that the broader term prevails was intended to to encompass all of that. And the court should also consider the purpose of and the purpose of FOIA's attorney's fees provision specifically is to ensure that attorney's fees don't become a barrier for public enforcement of the statute. If plaintiffs aren't able to to get attorney's fees they'd be disincentivized to bring lawsuits enforcing their rights under the statute. So there may be a denial that they think is wrong but the concerns over the costs of the litigation may keep them from enforcing their rights and and the opposite is true as well. If attorney's fees are not available then a public body can deny requests you know as much as it chooses wait for a lawsuit to be filed and then turn around and produce the documents knowing that that it won't face any responsibility for fees. And this was squarely in that case a public body argued that plaintiffs shouldn't be able to pursue attorney's fees and civil penalties because they produced the records after the filing of the lawsuit. And this court found that argument unpersuasive and remanded the case for the plaintiff to pursue fees. So your honors there is very good basis to find that prevails in this statute is ambiguous and that the legislative history and the purpose behind the law support a finding that the catalyst theory does apply in Illinois as it was adopted by the first district. I believe my time may be running short. I don't know if your honors had any more questions otherwise I would shave save for a short rebuttal if that is all right with your honors. You will have time for a rebuttal. Thank you your honor. Ms. McMasters you may proceed. Thank you your honors and I do want to briefly apologize for a slight technical issue that I have when I ever so slightly look up to see who's addressing me on my screen it appears I'm staring at the ceiling so I assure you I am not and I want to pre-apologize. For that so just to kind of jump right in to address some of the issues that were raised in the in the opening arguments here specifically with request to the question from Justice Harris I don't believe that the court erred in ruling on moot issues in this case. It's undisputed that even after the production of documents that the appellant sought to pursue an award of attorney's fees and civil penalties and as the statute very clearly states with respect to civil penalties it is a prerequisite that the court find that the public body in fact violated FOIA before it can then go on to determine whether that violation was willful and intention or intentional. So again I don't believe that the statute is ambiguous in any respect with regard to civil penalties and that it's very clear that the the trial court properly ruled on those issues being whether the city violated FOIA or not because an actual controversy remained in that respect. And moving on to the larger issue of the attorney's fees here it's pretty clear from the city's brief that its position is that the term prevails is unambiguous as most attorneys excuse me counsel before you then get into that bigger issue a question that I'd like to ask relates to the the summary judgment order and the issues to attorney's fees. If we determine that that there should be a there should be consideration given to the attorney's fees that the appellant is correct and asserting that procedurally how do we get there? How does the the trial court handle that? Is this a reversal of the summary judgment order or is that a an issue that remains unencumbered by the summary judgment order and we don't have to reverse it? Your honor to address one of the issues that was previously asked the the orders were submitted to the trial court ex parte at the trial court's request and indicated that the trial court could adjust either order as that as he saw fit and I don't think that a complete reversal is necessary in this case. If the court examines the record the specific issue of attorney's fees and statutory interpretation the term prevails were addressed on lower briefing for the motion for summary judgment even though the trial court didn't explicitly put anything in the order with respect to an approval or denial of attorney's fees I think it was rather a general grant of summary judgment and agreeing with the city's positions on its lower briefing that the issues on summary judgment also decide the issues of attorney's fees. Well what wait a minute then I want to ask a question what collateral consequences are there to either affirming or ignoring the summary judgment or reversing it what difference does it make on the attorney's fees issue? I think that the the issue primarily is whether the city violated FOIA or not I think well you already know you did you were late I mean that's not even disputed is it no it is not it's just well is that a violation of FOIA? It is but I think that that somewhat goes to the issue related to civil penalties that under the blacks law dictionary definition of prevails as it says the the relief to obtain the relief sought if responding late were the only issue or the kind of a far-fetched idea that in theory a attorney would merely seek declaratory relief for that type of violation any attorney I think that's worth their their salt would also pursue civil penalties for that type of violation. Okay let's civil penalties are you including attorney's in those? Potentially yes. Well separate civil penalties Mr. Martinez wants attorney's fees the issue of the only true violation that has been pointed out to us is late lateness wouldn't that go to the amount of attorney's fees or the amount of time that be expended on whatever occurred isn't that something that would be within the discretion of the trial court? Yes I do your honor. Well I want to know then let's suppose we reverse the summary judgment and we also remand for attorney's fees a hearing on attorney's fees leaving it to trial court to decide what those fees ought to be. Is that okay? Understanding you don't want us to to do that but is that procedurally okay? Your honor I'm not trying to ignore the question I think that in the context of simply responding late that again I don't think that we can completely separate attorney's fees and the civil penalties because in that context the civil penalty appears to be the real issue as to whether responding late was willful and intentional. Okay wouldn't that wouldn't that be something to consider as to whether attorney's fees should be awarded? Yes but as wouldn't that be considered by the trial court? And it was considered by the But it didn't say anything about attorney's fees? Correct. Would it have been helpful if the trial court had said because it's not willful and intentional then I don't think the mere violation of the lateness justifies counsel justifies the city to or justifies Mr. Martinez to attorney's fees? I certainly think it would be. Would it be clearer then? Yes it would have been clearer certainly. Okay let's suppose we agree with Ms. Geisler that there ought to be a hearing on attorney's fees but we leave the summary judgment intact and just remand and say you got to have a hearing on attorney's fees that was at issue it was brought up Mr. Martinez sought that you knew that it was sought and judge you didn't even address it. Would that be okay? Procedurally I'm not asking you if you agree with that I'm asking you if that causes any problems for the city or it causes any problems for Mr. Martinez? No your honor I don't think that it would if that's the way that yeah that I think that answers my question. Okay and I would only add to the point your honor that even to that issue the appellant would have in theory had the opportunity to seek clarification from the trial court in that respect prior to filing this notice of appeal. Counsel I promise you'll get to what you refer to as the bigger issue but I want to follow up on a question or a response that you gave earlier to you acknowledged that the city responded late and that is a violation of FOIA. How do you reconcile then that with the trial court's finding paragraph four of its order that defendants did not willfully and intentionally violate FOIA? Isn't are you saying that this was not a willful late willfully late response or it was unintentional? Was there evidence of that because if it's a late response I'm just curious what did the court have to go on to make that finding that that failure to provide a timely response to the FOIA request was not willful or intentional? Your honor it is most was certainly not willful or intentional that it was a innocent mistake and I think that at the lower court level there was some albeit brief evidence that was addressed in that issue on the lower briefings that it had to do with a technical error in the city's software system that it utilizes to track and monitor its FOIA requests. So again I think it's quite clear that there was no willful or intentional violation with responding to and it wasn't even in the city's position significantly late but as soon as we realized the mistake we corrected it rather quickly. I think in total it was 11 business days but again that in no way was willful or intentional. Okay thank you. So then getting back into what's the statutory interpretation of the word prevail means. Again the city's position is that it is unambiguous and I think that that is supported by its plain ordinary meaning. When attorneys typically use that in contract provisions it means the party wins and Black's law further supports that position because Black's law defines prevail as to obtain the relief sought and in this case it's clear that the appellant sought more than just the production of records because again the attorney fees and civil penalties were still on the table and they did not prevail in that respect particularly with respect to the civil penalties. Now even if this court does by some reason find that the term prevails is ambiguous we would then need to move on to grammatical construction. As this court is well aware prior to 2010 the FOIA statute on attorney's fees required a requester to substantially prevail before attorney's fees could be awarded with substantially modifying the word prevails substantially under its plain and ordinary meaning would suggest the majority or most of the relief sought but when suggesting less than complete relief was necessary but when the Illinois legislature specifically removed the word substantially it signaled that at that point complete relief was necessary and then when we turn to the issue of the history behind the attorney fee provision it also supports that court order belief was required. Prior to the 2010 amendments Illinois and federal law were the same. They both required a requester to substantially prevail in order to be awarded attorney fees. The Illinois Supreme Court had previously interpreted this to mean that court ordered relief was not required and the federal legislature in 2007 amended their attorney fee provision to include a definition of the word substantially prevails and that relief so in 2007 federal and Illinois law were the same including their interpretation of the term substantially prevails. The Illinois legislature then in 2010 as everybody is well aware changed the attorney fee provision under FOIA. It was presumed that when the legislature made this change they were aware of the status of both Illinois and federal law and in fact sought to change it rather than reaffirm it. Now when we get into the legislative history which again the city does not think is necessary but for the sake of arguing to this court and addressing the opponents issue issues I'm going to address the legislative history. The uptown court primarily relied upon legislative history but I think that that reliance was severely misplaced. The uptown court was specifically relying on the primarily upon the direct legislative history on the 2010 amendments. However when you examine the entire history of the bill from when it was introduced to past as well as the entire transcript from the house and the floor debates the statements and the legislative history relied upon were extremely taken out of context. When the bill was introduced by the senate and then later amended substantially by the house that's significant. The house essentially created an entire new bill that brought forth wide-sweeping changes to FOIA outside of the attorney fee provision. However the statements that were relied upon again were taken out of context. When you look at the statement made or all of the statements made there was only one specific mention of the changes to the attorney fee provision and that was in the house and they merely pointed out the rather obvious change from the discretionary to mandatory nature of the attorney fees. The other statements that were relied upon came from the senate who were affirming the bill that was passed by the house. The first statement was from senator Raul about the significant consequences for failing to respond to a request but this statement again fails to specifically mention attorney fees. When you look at this statement together with the ones that were made in the house it was clearly referring to the new creation of the quote stiff civil penalties. The next statement that was primarily relied upon was from senator Harmon about not changing or interfering with those previous court decisions quote as he understood it and I think that little phrase as he understood it is rather significant because senator Harmon was not a sponsor of that legislation. He made that as a prefatory statement to asking sponsoring senator Raul a question about the language and interpretation of a very specific exemption under FOIA. He then went on to ask numerous additional questions about the language and interpretation of other FOIA exemptions. Again senator Harmon failed in any way to ask questions about the changes to the attorney fee provision. The uptown court I think is also very distinguishable on the facts that have to be noted. The uptown court there was absolutely no finding with regard to whether the public body violated FOIA or not at either the appellate or trial court level and this distinction was actually later pointed out in an unpublished opinion in 2016 also by the first district. The first district in it was for the people for the good of Illinois Inc the state that the appellate court held that the requester failed to cite any case in which a party is considered to have prevailed when a happened in this case. So moving on then from legislative history I think one of the most important things to consider as far as statutory interpretation is the need to avoid an absurd result. I think if we take two rather simpler examples under FOIA or exemptions the first one being bid documents prior to an award or final selection and closed meeting minutes this absurd result under the appellant's interpretation becomes quite clear. If a requester seeks closed meeting minutes or those bid documents final to a to an award or final selection it's entirely plausible that a few months later those documents might become available for disclosure. However, FOIA creates absolutely no duty or obligation upon a public body to monitor track or follow up on those requests after they are properly denied at the time of the request. So under the appellant's interpretation and under the catalyst theory a few months later if a requester files suit for those documents and the public body turns them over at that time because at that time of the lawsuit they have become available the lawsuit would be the catalyst or the reason for the public body turning those documents over even though the public body properly denied them at the time of the request and had no duty to follow up and later produce those documents when they became available or if they became available. Council before you run out of time I have a question for you on page nine of your brief you have a footnote you say the fifth district appears to agree with the second district and it's rule 23 where you cite Purdue opposing counsel in her reply brief says that your citation to Purdue is flat wrong did you see that in the reply brief and what's your response if you did? I don't recall it being flat wrong however when the city cited to the Purdue case I would address that your honor as the city cited that case as an example as to when attorneys face a fees might actually be appropriate because in Purdue there was an extensive pre-trial hearing the documents were produced for in-camera review and the court advised the parties of its intent to disclose that record signaling that it had determined the public body had in fact violated FOIA and that is very distinguishable from the facts that we have before us because there was no extensive hearing the court found that the public body did not willfully and intentionally violate FOIA. So just to kind of briefly summarize that the city would request that this court affirm the trial court's ruling on summary judgment in the city's favor thank you your honors. Thank you counsel. Ms. Geisler. Thank you your honors just a couple of points on on rebuttal there was some discussion about both the civil penalties provision of FOIA and the attorney's fees provision on appeal Mr. Martinez is only seeking the opportunity to petition for attorney's fees he is not challenging civil penalties but I would like to add just to kind of fill out some other points here one is not contingent on the other civil penalties and fees live in different statutory provisions as the court discusses in uptown people's law center the fees are not meant to be as a windfall they're not meant to be punitive they're simply meant to create correct which would otherwise be a barrier for requesters to enforce their rights under the FOIA statute civil penalties on the other hand are meant to be punitive so it's perfectly acceptable for a court to find that there has been no intentional or willful conduct on the part of the public body and also find that the requester is entitled to petition for attorney's fees because the lawsuit brought about a change in position the second point that I'd like to get into is the application of the catalyst theory I think there was an example having to do with contractor bids and you know what if the public body releases records because the facts change in some other way and it has nothing to do with the lawsuit that's an issue that would go to the application of the catalyst theory it doesn't really support a finding that the catalyst theory shouldn't exist or shouldn't be recognized in in Illinois section 11i always provides the trial court with discretion of how much fees to award so so that's always something that that can go into consideration and then the the final point that I would just like to make goes to Perdue versus Tower Hill this is the unpublished fifth district case let me stop you there counsel why are you citing an unpublished case that has no precedential value your honor we cite it only for its its persuasive authority to the extent that this court uh would opt to consider it certainly it's not we can consider the 2015 unpublished rule 23 order as persuasive authority is that your position I I believe your honor that that rule 23 was was amended somewhat recently and and it they can be submitted to the court for your consideration um I certainly wouldn't wouldn't try to say that that you know your honor must I thought that amendment only included uh unpublished orders dating from 2020 forward am I wrong about that I could be I I I my understanding was that it was unpublished decisions um I in general I uh but I think that Perdue was decided in uh I'm thinking of another one your honor I'm sorry um yes I it is your honor may be correct on that I I am not certain um to the extent your honors do consider it it does explicitly agree with uptown that prevail is is ambiguous and is subject to could encompass different types of relief in the FOIA context um because uh requesters intent when filing a lawsuit is first and foremost to obtain access to um to uh public information um that that is the first thing that they're always trying to to obtain um if your honors have any further questions I am happy to answer them um otherwise I will conclude by saying that uh plaintiff believes that this court should vacate the trial court's ruling on the moot issues and remand the case so that plaintiff may have an opportunity to petition for attorney's fees um in line with the catalyst theory under section 11i of FOIA thank you very much your honors thank you we'll take this matter under advisement we thank you for your arguments